UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DANIEL LOREN JENKINS,　　　　　　　　　　　　Case No. 2:22-cv-00950-AA

　　　　Petitioner,　　　　　　　　　　　　　　OPINION AND ORDER

　　v.

OREGON BOARD OF PAROLE AND
POST-PRISON SUPERVISION,

　　　　Respondent.
_____

AIKEN, District Judge:

　　Petitioner brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and argues that the Oregon Board of Parole and Post-Prison Supervision (the Board) violated his federal rights to procedural due process when determining his parole release date. The record reflects that Petitioner received the process he was due, and he is not entitled to federal habeas relief.

1    - OPINION AND ORDER

BACKGROUND

In November 1999, after trial by jury, Petitioner was convicted of solicitation to commit aggravated murder. Resp't Ex. 101 at 5. At sentencing, the trial court found that Petitioner was a dangerous offender due to a "severe personality disorder indicating a propensity towards crimes that seriously endanger the life or safety of another." Resp't Ex. 101 at 6; *see also* Or. Rev. Stat. § 161.725 (dangerous offender statute). The trial court imposed an indeterminate sentence of 360 months, a determinate sentence of 220 months, and a thirty-six month term of post-prison supervision (PPS). Resp't Ex. 101 at 6.

Petitioner appealed, and the Oregon Court of Appeals reversed and remanded. *State* v. *Jenkins,* 190 Or. App. 542, 79 P.3d 347 (2003). After a retrial, Petitioner was again found guilty and deemed a dangerous offender by the jury. Resp't Ex. 104 at 11. The trial judge issued judgment imposing an indeterminate prison term not to exceed thirty years, with a 240-month minimum sentence and a thirty-six month term of PPS after his release. Resp't Ex. 104 at 11-12. Petitioner was also allowed to earn time credits after 120 months. *Id.*

On March 13, 2019, the Board conducted a parole consideration hearing at which Petitioner appeared and participated. Resp't Ex. 104 at 128-177. Subsequently, the Board issued a decision finding that Petitioner "has a mental or emotional disturbance, deficiency, condition, or disorder predisposing offender lo the commission of any crime to a degree rendering the offender a danger to the health or safety of others" and that Petitioner "does continue to remain a danger." Resp't Ex. 104 at 180. The Board deferred Petitioner's parole consideration date for 72 months and set a firm parole release date of January 11, 2025, establishing a total prison term of twenty-six years. *Id.*; Resp't Ex. 109 at 5.

Petitioner sought administrative review, arguing that the Board's decision deprived him of a liberty interest in his earned time credits. Resp't Ex. 104 at 183-85. The Board rejected Petitioner's arguments and explained:

> Your current projected earned time release date is March 12, 2025 with a statutory earned time release date of September 26, 2026 - both of which are after your firm parole date of January 11, 2025. The Board setting a firm parole date prior to either your projected or actual release date does not deprive, negate, nullify or otherwise retract your accrued or projected earned time benefits. Regarding your term of PPS, that will begin to run when you exit the institution and will be for a term of 36 months.

Resp't Ex. 104 at 195. Petitioner then sought judicial review with the Oregon Court of Appeals. Resp't Exs. 102-03, 107-08. The Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 112-13.

Petitioner now seeks federal habeas relief pursuant to 28 U.S.C. § 2254.

## DISCUSSION

In his sole ground for relief, Petitioner argues that the Board "deprived" him of a "liberty interest" in his earned-time credits by setting a parole release date that was less than thirty-six months prior to his statutory and projected earned-time release dates. Pet. at 5. Petitioner contends that the Board "was required to set his release date by accounting for his term of actual incarceration, his fixed term of PPS, and his earned-time credits" and that his "release date cannot be later that the date represented by his earned-time release date minus his fixed term of PPS." *Id.* Based on the record before the Court, Petitioner fails to establish a violation of his federal due process rights.

It is well settled that the United States Constitution does not create a protected liberty interest in a pre-release expectation of parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7-11 (1979). Where state law creates a liberty interest in parole, "the Due

3   - OPINION AND ORDER

Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (per curiam). However, procedures necessary to satisfy federal due process requirements in the parole context are "minimal" and include only the opportunity to be heard and a statement of reasons for the parole decision. *Id.*; *see Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011) ("[T]here is no substantive due process right created by California's parole scheme. If the state affords the procedural protections required . . . that is the end of the matter for purposes of the Due Process Clause."). "Because the only federal right at issue is procedural, the relevant inquiry is what process [the petitioner] received, not whether the state court decided the case correctly." *Swarthout*, 562 U.S. at 222.

Here, the record reflects that Petitioner received the process he was due: the Board provided notice of the parole consideration hearing, Petitioner appeared at the hearing and had an opportunity to be heard, and the Board provided a written order explaining the reasons for its decision to defer Petitioner's release. Resp't Ex. 104 at 4-10, 128-77, 180-81, 195-98. That is "the beginning and the end of the federal habeas courts' inquiry into whether [Petitioner] received due process." *Swarthout*, 562 U.S. at 220.

Granted, Petitioner challenges the Board's application of earned time credits under Oregon law, and argues that the Board incorrectly calculated his release date. However, it is well established that federal habeas relief is not available to remedy alleged violations of state law. *See id.* at 222 (stating that "a 'mere error of state law' is not a denial of due process") (citations omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (reiterating that "federal habeas corpus relief does not lie for errors of state law").

Accordingly, Petitioner is not entitled to federal habeas relief.

4    - OPINION AND ORDER

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED. A Certificate of Appealability is denied on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this __8th__ day of May, 2024.

_____/s/Ann Aiken_____
ANN AIKEN
United States District Judge